

# THE ATTORNEY GENERAL

# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 11, 1963

Mr. Wallace W. Shropshire
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. C-136

Re:  Whether the term "batch
cement" in a specialized
motor carrier's certifi-
cate includes "cement".

In a letter dated July 29, 1963, you requested an opinion of this office on the following question:

"Can a specialized motor carrier whose cer-
tificate of convenience and necessity, issued to
such carrier by the Railroad Commission of Texas,
contains the commodity description 'batch cement,'
transport under such certificate the commodity
'cement'?"

In your brief you referred to an "exhibit D" and argued that the absence of the term "batch cement" in that exhibit is indicative of the fact that the intention of the applicant should control. However, in your opinion request you nowhere refer to any particular certificate issued by the Railroad Commission nor do you refer to any particular grant of authority under an order or certificate of the Railroad Commission. As we interpret the question, this department is merely asked to determine whether the term "batch cement" as contained in any certificate or au-thority or order of the Railroad Commission grants authority to the holder to transport "cement" for hire. Therefore, the language of this opinion refers to the general meaning of the term "batch cement" and is not limited to the interpretation of any particular certificate or authority or order of the Railroad Commission.

Articles 10 and 11 of Vernon's Civil Statutes contain general rules relative to the construction of laws. Article 10 contains the following pertinent language:

"The following rules shall govern in the con-
struction of all civil statutory enactments:

-672-

"1.   The ordinary signification shall be
applied, except words of art or words connected
with a particular trade or subject matter, when
they shall have the signification attached to
them by experts in such art or trade, with refer-
ence to such subject matter."

We first address ourselves to the question as to whether
the rules of construction set out by the legislature to govern in
the interpretation of statutes should also be used as an aid in
determining the meaning of words in orders and certificates issued
by the Railroad Commission.  Our Supreme Court, in Trapp v. Shell
Oil Company, 145 Tex. 323, 198 S.W.2d 424 (1946), so held.  The
court said:

"A rule or order of the Railroad Commission
made in virtue of a statute which duly authorized
it should be considered under the same principles
as if it were the act of the legislature, for in
such case the Railroad Commission is an agency of
the legislature. . . ."

Inasmuch as the terms under consideration, "batch cement" and
"cement" are words employed by the cement industry we will deter-
mine whether the words have a "signification" attached to them by
experts in such trade.

The trade association connected with the use of construc-
tion concrete is known as the Portland Cement Association and
represents a majority of the manufacturers of construction cement.
Its principle office is in Chicago but it maintains an office in
Austin, Texas.  Portland Cement is the type of cement used in
manufacturing construction concrete and is not the name of any
particular company.  This office is informed by this authority
that the term "batch cement" has a particular meaning in the trade.
It appears that in some instances cement is mixed with sand, gravel,
or crushed rock at what is termed batching plants.  This mixing is
done in accordance with specifications drawn by the engineers
covering the particular job.  This batched cement is then trans-
ported to the job site where it is mixed with water.  This "batch-
ed cement" is transported from the batching factory to the job
site in "batch trucks".  It, therefore, seems apparent to this
office that the term "batch cement" has a signification attached
to it by experts in the trade namely that "batch cement" means a
mixture of cement, sand, gravel or crushed rock.

This office also considers the fact that the term "batch cement" as used in the order of the Commission instead of the term "cement" significant in itself. Another rule of construction is that every word used in an enactment is considered to have a meaning. The Railroad Commission, therefore, when they use the words "batch cement" must have considered it something different and apart from "cement".

## S U M M A R Y

The term "batch cement" included in an order of the Railroad Commission of the State of Texas authorizing the issuance of a specialized motor carrier's certificate refers to an aggregate composed of cement, sand, gravel or crushed rock.

Very truly yours,

WAGGONER CARR
Attorney General

By: Norman V. Suarez

Norman V. Suarez
Assistant Attorney General

NVS:aj:br

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Howard M. Fender
James Strock

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone